# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

NEYZHA MARTINEZ,

     Plaintiff,

v.

AGEWAVE SOLUTIONS INC.,

     Defendant.

CASE No.: 5:23-cv-00587

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, NEYZHA MARTINEZ, (hereinafter "Plaintiff" or "Ms. Martinez"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, AGEWAVE SOLUTIONS INC. (hereinafter "Defendant" or "AgeWave"), and alleges:

## JURISDICTION AND VENUE

1.    This is an action for damages under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Pregnancy Discrimination Act (PDA), and the Florida Civil Rights Act ("FCRA").

2.    In this civil action Plaintiff has also brought claims against her former employer for monetary damages, declaratory relief, and for other equitable relief pursuant to Title VII, the PDA, and the FCRA § 760.01, et al.

3.     This Court has jurisdiction over Plaintiff's Title VII and PDA claims under 28 U.S.C. §§ 1331 and 1343.

4.     This Court has supplemental jurisdiction over Plaintiff's FCRA claims under 28 U.S.C. § 1367.

5.     Venue is appropriate in the Middle District of Florida because the events giving rise to the cause of action occurred in Sumter County, Florida.

## PARTIES

6.     The Plaintiff, NEYZHA MARTINEZ, is a resident of Lake County, Florida.

7.     The Defendant, AGEWAVE SOLUTIONS INC., is a Florida Profit Corporation, principally located at 340 Heald Way, Suite 212, The Villages, Florida 32163.

## ADMINISTRATIVE PREREQUISITES

8.     Ms. Martinez has satisfied all prerequisites necessary to bring this cause of action. On November 22, 2022, Plaintiff filed a charge jointly with the EEOC and the Florida Commission on Human Relations (FCHR). Plaintiff did not receive a determination by 180 days and requested a right to sue letter from the EEOC, which she received. Plaintiff filed this action before the expiration of any deadlines to file suit.

## **<u>GENERAL ALLEGATIONS</u>**

9.     On January 11, 2022, AgeWave hired Neyzha Martinez as a CAD Drafter.

10.     As a CAD Drafter, Ms. Martinez handled complex design and drafting assignments, created drawings and models per the Project Engineer's specifications, and ensured compliance of quality standards in CAD Drawings.

11.     On April 22, 2022, Ms. Martinez informed the Office Manager, Kat Tonnini, of her pregnancy and expressed her need for leave.

12.     On May 17, 2022, Ms. Martinez and Ms. Tonnini conversed about Ms. Martinez's ability to take leave upon the arrival of her baby.

13.     Ms. Martinez explained that pregnancy recovery periods tend to range from six to eight weeks depending on whether the birth was natural or cesarean, respectively.

14.     In response, Ms. Tonnini stated, "In the meantime, please keep in mind you can borrow one week of your PTO" suggesting that Ms. Martinez was only eligible to take leave for one week.

15.     After this conversation, AgeWave's management never clarified with Ms. Martinez regarding the amount of time she would be allowed to take off upon the arrival of her baby.

16. Throughout her employment at AgeWave, Ms. Martinez was committed to learning and growing in her position. On August 3, 2022, Amber Umland, CAD Manager, praised Ms. Martinez for her help and extra work while Ms. Umland was short-staffed. Ms. Umland also told Ms. Martinez that she would get more training and opportunities for growth the following week.

17. On August 5, 2022, Ms. Martinez emailed Randall Thompson, President/CEO, asking how much time she was allowed to take off as her due date was fast approaching.

18. Ms. Martinez explained that Ms. Tonnini had informed her that AgeWave does not offer maternity leave or short-term disability for pregnant employees.

19. Ms. Martinez also informed Mr. Thompson that she may need more time off than is conventionally allowed as she needed to undergo an additional procedure after giving birth as a medical necessity.

20. On the same date, Jennifer Radeschi, the new Office Manager, sent Ms. Martinez an email invitation to meet at Mr. Thompson's office to discuss Ms. Martinez's performance review.

21. Ms. Martinez expected a positive performance review as Ms. Umland had praised her for her work ethic just two days before the meeting. However, during this meeting, Mr. Thompson unexpectedly told Ms. Martinez that she was not going

4

to continue working at AgeWave, effectively terminating Ms. Martinez from her position.

22.    Ms. Martinez has incurred attorney's fees and costs in bringing this lawsuit.

## COUNT I
### Discrimination Based on Gender and Pregnancy in Violation of Title VII of the Civil Rights Act of 1964 and The Pregnancy Discrimination Act of 1978

23.    Plaintiff, NEYZHA MARTINEZ, re-alleges and incorporates the allegations set forth in paragraphs one (1) through twenty-two (22) above as if set forth fully herein.

24.    Ms. Martinez was pregnant and qualified for her position.

25.    When Kat Tonnini, Defendant's office manager, learned about Ms. Martinez's pregnancy, she suggested that Ms. Martinez was only allowed to take leave for one week after delivering her baby.

26.    Even Randall Thompson, Defendant's CEO/President, failed to clarify the amount of time Ms. Martinez would be allowed to take off upon the arrival of her baby.

27.    Defendant treated non-pregnant similarly situated employees more favorably. Specifically, Defendant allowed a male CAD Drawer to work from home and follow a more flexible work schedule for two months while denying Ms. Martinez the same opportunity.

28.    On August 5, 2023, Defendant terminated Ms. Martinez from her position because of her pregnancy and approaching due date.

29.    Defendant has engaged in the above discrimination intentionally and with malice or reckless indifference to Plaintiff's rights to be free from pregnancy discrimination under Title VII of the Civil Rights Act.

30.    As a direct and proximate result of Defendant's acts, Plaintiff has suffered loss of employment compensation, privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, expense, embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

31.    Ms. Martinez has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff respectfully invokes the remedial powers of this Court, as provided in Title VII, and prays for:

A.    Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

B.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

6

C.     Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

D.     Reasonable attorney's fees and costs;

E.     Compensatory damages;

F.     Punitive damages; and

G.     Such other relief as this Court shall deem appropriate.

**COUNT II**
**Retaliation in Violation of**
**Title VII of the Civil Rights Act of 1964 and**
**The Pregnancy Discrimination Act of 1978**

32.     Plaintiff, NEYZHA MARTINEZ, re-alleges and incorporates the allegations set forth in paragraphs one (1) through twenty-two (22) above as if set forth fully herein.

33.     Ms. Martinez was pregnant and qualified for her position.

34.     On August 5, 2022, Ms. Martinez emailed Defendant, asking how much time she was allowed to take off as her due date was fast approaching. Ms. Martinez also informed Defendant that she may need more time off than is conventionally allowed as she needed to undergo an additional procedure after giving birth as a medical necessity.

35.     On the same date, Defendant terminated Ms. Martinez from her position in retaliation for asking for time off due to her pregnancy.

7

36.    Defendant has engaged in the above retaliation intentionally and with malice or reckless indifference to Plaintiff's rights to be free from pregnancy discrimination and retaliation under Title VII of the Civil Rights Act.

37.    As a direct and proximate result of Defendant's acts, Plaintiff has suffered loss of employment compensation, privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, expense, embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

38.    Ms. Martinez has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff respectfully invokes the remedial powers of this Court, as provided in Title VII and the Pregnancy Discrimination Act, and prays for:

A.    Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

B.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

8

C.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

D.    Reasonable attorney's fees and costs;

E.    Compensatory damages;

F.    Punitive damages, and;

G.    Such other relief as this Court shall deem appropriate.

## COUNT III
**Discrimination Based on Pregnancy in
Violation of the Florida Civil Rights Act of 1992**

39.    Plaintiff, NEYZHA MARTINEZ, re-alleges and incorporates the allegations set forth in paragraphs one (1) through twenty-two (22) above as if set forth fully herein.

40.    Ms. Martinez was pregnant and qualified for her position.

41.    When Kat Tonnini, Defendant's office manager, learned about Ms. Martinez's pregnancy, she suggested that Ms. Martinez was only allowed to take leave for one week after delivering her baby.

42.    Even Randall Thompson, Defendant's CEO/President, failed to clarify the amount of time Ms. Martinez would be allowed to take off upon the arrival of her baby.

43.    Defendant treated non-pregnant similarly situated employees more favorably. Specifically, Defendant allowed a male CAD Drawer to work from home

and follow a more flexible work schedule for two months while denying Ms. Martinez the same opportunity.

44. On August 5, 2023, Defendant terminated Ms. Martinez from her position because of her pregnancy and approaching due date.

45. Defendant has engaged in the above discrimination intentionally and with malice or reckless indifference to Plaintiff's rights to be free from pregnancy discrimination under Florida Civil Rights Act.

46. As a direct and proximate result of Defendant's acts, Plaintiff has suffered loss of employment compensation, privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, expense, embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

47. Ms. Martinez has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff respectfully invokes the remedial powers of this Court, and prays for:

A. Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

B.      Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

C.      Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

D.      Reasonable attorney's fees and costs;

E.      Compensatory damages;

F.      Punitive damages; and

G.      Such other relief as this Court shall deem appropriate.

**<u>COUNT IV</u>**
**Retaliation in Violation of**
**Violation of the Florida Civil Rights Act of 1992**

48.      Plaintiff, NEYZHA MARTINEZ, re-alleges and incorporates the allegations set forth in paragraphs one (1) through twenty-two (22) above as if set forth fully herein.

49.      Ms. Martinez was pregnant and qualified for her position.

50.      On August 5, 2022, Ms. Martinez emailed Defendant, asking how much time she was allowed to take off as her due date was fast approaching. Ms. Martinez also informed Defendant that she may need more time off than is conventionally allowed as she needed to undergo an additional procedure after giving birth as a medical necessity.

51.    On the same date, Defendant terminated Ms. Martinez from her position in retaliation for asking for time off due to her pregnancy.

52.    Defendant has engaged in the above retaliation intentionally and with malice or reckless indifference to Plaintiff's rights to be free from pregnancy discrimination and retaliation for engaging in a protected activity under the Florida Civil Rights Act.

53.    As a direct and proximate result of Defendant's acts, Plaintiff has suffered loss of employment compensation, privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, expense, embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

54.    Ms. Holton has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff respectfully invokes the remedial powers of this Court, and prays for:

A.    Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

12

B.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

C.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

D.    Reasonable attorney's fees and costs;

E.    Compensatory damages;

F.    Punitive damages; and

G.    Such other relief as this Court shall deem appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated this 26th day of September 2023.

> */s/ Gary L Printy, Jr, Esq*
> Gary L. Printy, Jr.T
> Florida Bar No. 41956
> **THE PRINTY LAW FIRM**
> 5407 N Florida Avenue
> Tampa, Florida 33604
> Telephone (813) 434-0649
> FAX (813) 423-6543
> garyjr@printylawfirm.com
> Kash@printylawfirm.com
> *Attorneys for Plaintiff*